| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 2:14-cr-249-APG-PAL |
| Plaintiff, | |
| v. | **ORDER DENYING MOTION FOR RECONSIDERATION AND GRANTING EXTENSION OF TIME TO APPEAL** |
| SENG CHEN YONG, | |
| Defendant. | (ECF Nos. 547, 550) |

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

Defendant Seng Chen Yong seeks reconsideration of my order (ECF No. 546) that denied his motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. ECF No. 547. He raises three issues about my holding that the government had probable cause as to his son, Wai Kin, sufficient to condition Yong's plea on leniency for Wai Kin. First, he argues I held that the passage of time does not always dissipate probable cause, whereas his argument was only that on the facts of this case I must find that probable cause as to Wai Kin had dissipated. Second, Yong argues that I ignored exculpatory evidence as to Wai Kin. Third, Yong contends I erred in holding that the evidence against Wai Kin was similar to the evidence against other defendants who pleaded guilty.

Separately, Yong moves for an extension of time to appeal my order. ECF No. 550. The government does not oppose that motion. ECF. No. 551.

I set forth the factual background of this case in my prior order, so I will not repeat those facts here except where necessary. None of Yong's arguments convinces me that the order is substantively erroneous, so I deny his motion for reconsideration. I grant Yong's motion for an extension of time to appeal from my prior order.

**I. RECONSIDERATION**

Under Federal Rule of Civil Procedure 60(b), a court may relieve a party from a final judgment, order, or proceeding based on (1) mistake, inadvertence, surprise, or excusable neglect;

(2) newly discovered evidence; (3) fraud; (4) the judgment is void; (5) the judgment has been satisfied; or (6) any other reason justifying relief from the judgment. *Stewart v. Dupnik*, 243 F.3d 549, 549 (9th Cir. 2000).[1] "A motion for reconsideration should not be granted . . . unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *Kona Enterprises, Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000) (internal citation omitted).

A motion for reconsideration must set forth some valid reason why the court should revisit its prior order and facts or law of a "strongly convincing nature" in support of reversing the prior decision. *Frasure v. United States*, 256 F. Supp. 2d 1180, 1183 (D. Nev. 2003). It is not appropriate for a party to raise a new argument on a motion for reconsideration. *Orange St. Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999). Motions for reconsideration are not "intended to give an unhappy litigant one additional chance to sway the judge." *Durkin v. Taylor*, 444 F. Supp. 879, 889 (E.D.Va. 1977).

### A. Whether Probable Cause Against Wai Kin Dissipated

Yong contends my decision mischaracterized his argument to be that the passage of time must always dissipate probable cause, whereas his argument was that probable cause had dissipated in this case because subsequent investigation did not produce much additional evidence against Wai Kin.

My prior order disagreed with the proposition both as a general matter and specifically as applied to Wai Kin. Wai Kin was charged with aiding and abetting the transmission of wagering information and the operation of an illegal gambling business. The government alleged that Villa 8888 had most of the computer equipment necessary for the bet-taking but that the individuals in all three villas were part of the conspiracy.[2] Wai Kin and his father, Yong, were staying in Villa 8881. The search of Villa 8881 produced a gambling ledger that agents believe represented bets

---

[1] "Motions for reconsideration after a final order are . . . available in § 2255 cases." *United States v. Martin*, 226 F.3d 1042, 1047 n.7 (9th Cir. 2000).

[2] Yong and his co-defendants contested that account, but the grand jury returned indictments against defendants in all three villas.

taken by Yong on behalf of clients. A similar ledger was found in a purse in Villa 8882 that belonged to Yong. When the search warrant was executed, Wai Kin was sitting in Villa 8882 with Paul and Darren Phua. All were using their laptops, logged into betting sites. Wai Kin's account had a $1.6 million account balance.

This evidence satisfied the grand jury that probable cause existed that Wai Kin was involved in World Cup-related gambling activity that was taking place in the villas. No exculpatory evidence was produced that strongly undermines that conclusion. The fact that additional, or stronger, evidence was subsequently developed against other defendants does not logically equate to a lack of probable cause for Wai Kin. A minor player in a conspiracy is still culpable. No aspect of this case convinces me that the absence of additional incriminating evidence equates to probable cause dissipating.

**B. Whether Wai Kin Presented Exculpatory Evidence**

Yong argues that to the extent I relied on the lack of exculpatory evidence for my finding that probable cause against Wai Kin remained, that finding was erroneous. Yong argues Wai Kin provided exculpatory evidence by explaining to investigators that the laptop he was using to surf betting sites at the time the search warrant was executed belonged to his father.

I was aware of this evidence when I issued my order, and I did not find it meaningfully exculpatory. When the FBI executed the warrant, Wai Kin was using the computer, logged in with the username "WaiKin." He was actively logged into a betting site with a $1.6 million account balance. The grand jury returned an indictment against Wai Kin on this basis, and it is unlikely that it rested on who owned the laptop.

**C. The Similarity of Evidence Against Wai Kin to the Evidence Against Other Defendants**

Yong argues that my order incorrectly stated that the evidence against Wai Kin was "comparable" to that of other defendants who pleaded guilty. First, Yong contends that the order compared Wai Kin to Darren Phua, Paul Phua, and Yong, but Darren pleaded after the Wai Kin

deal and only Darren and Yong pleaded guilty.  Second, Yong asserts the evidence was in fact not comparable.

As to the first argument, Darren pleaded soon after the Yong plea deal, which is relevant to the strength of the case against Darren at the time of Yong's plea.  Darren, Paul, and Yong shared the following similarities: they were defendants for whom probable cause existed, who were actually prosecuted, and two of whom pleaded guilty.

On the second point, I wrote that evidence against Wai Kin was "similarly specific" (not "comparable") to that of other defendants.  My point was that the quantum of evidence that was produced (even if less than other defendants) was sufficiently specific to establish probable cause that retained vitality through the plea deal.  The smaller amount of evidence against Wai Kin may indicate that he was less culpable than the other defendants.  That does not mean that the government lacked probable cause to prosecute him.  Probable cause was established based on the evidence provided to the grand jury, and the additional evidence the government was able to adduce against the other defendants does not necessarily eliminate Wai Kin from the conspiracy.

Yong has not provided facts or law of a "strongly convincing nature" for me to reverse my prior order, so I deny his motion for reconsideration.

**II. TIME TO APPEAL**

Yong moves for an extension of time to appeal from the order, which was entered on the docket on January 4, 2017.  The government does not oppose the extension, and I find that the grounds for extension laid out in Federal Rule of Appellate Procedure 4(a)(5) are satisfied.

/ / / /

/ / / /

/ / / /

/ / / /

/ / / /

/ / / /

/ / / /

### III. CONCLUSION

IT IS THEREFORE ORDERED that plaintiff Seng Chen Yong's motion for reconsideration **(ECF No. 547) is DENIED.**

IT IS FURTHER ORDERED that Yong's motion for an extension of time to appeal my prior order **(ECF No. 550) is GRANTED.** Yong shall have 14 days from the filing of this order to appeal.

DATED this 15th day of May, 2017.

ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE